**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Farmers Insurance Exchange, a reciprocal insurance exchange, as assignee of Cast & Associates a/k/a Flame Connection Cast & Associates d/b/a Flame Connection,<br><br>Plaintiff,<br><br>vs.<br><br>James River Insurance Company, a foreign insurer,<br><br>Defendant. | No. CV 12-00283-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff Farmers Insurance Exchange's "Motion to Remand for Lack of Subject Matter Jurisdiction" (Doc. 6). The removing party bears the burden of establishing federal subject matter jurisdiction, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988), and there is a strong presumption against removal jurisdiction, *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). For the reasons stated below, Farmers' motion will be granted.

Defendant James River Insurance Company, which is domiciled in Ohio and Virginia, removed to this Court claiming complete diversity because Farmers is allegedly a California corporation with its headquarters in California, and thus treated as a citizen of California for diversity purposes. Farmers, however, is organized under California law as a "reciprocal insurance exchange," owned by all of its policyholders. It is not a corporation. James River's only evidence to the contrary is that Farmers "appears in a *corporation* name search, but it does not appear in the alternative *limited liability*

*company/limited partnership* name search available on the California Secretary of State's website." (Doc. 11 at 4 (emphasis in original).) This is insufficient — especially now that Farmers has challenged jurisdiction and placed the burden on James River to establish it. If Farmers was truly incorporated under California law, James River should be able to obtain Farmers' articles of incorporation from public records. As far as the record discloses, it has not attempted to do so. By contrast, Farmers has submitted its organizational document which plainly shows that it has organized itself as a reciprocal insurance exchange. (Doc. 15.)

Because Farmers is non-corporate business entity, it is classified as an unincorporated association. An unincorporated association is deemed a citizen of every state where it has members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). According to an affidavit from Farmers' assistant secretary, Farmers has members — by which it means policyholders — in Ohio, Virginia, California, and Arizona. If Farmers' policyholders are indeed its members, it would defeat diversity jurisdiction. Courts have split over this question. The apparent "majority view" accepts the structure of an insurance exchange at face value, concluding that its policyholders are its members. *See*, *e.g.*, *Cady v. Am. Family Ins. Co.*, 771 F. Supp. 2d 1129, 1131 (D. Ariz. 2011); *Farmers Ins. Exchange v. MTD Prods,. Inc.*, No. 3:11-CV-2405-L, 2011 WL 5877025, at *4–5 (N.D. Tex. Nov. 22, 2011); *Truck Ins. Exchange v. The Manitowoc Co.*, No. CV-10-8191-PCT-PGR, 2010 WL 4961618, at *2 (D. Ariz. Dec. 1, 2010). A minority concludes otherwise, based somewhat on incredulousness that a business could be structured as such, and somewhat on reasoning that 28 U.S.C. § 1332(c)(1) already prevents a fair deal of insurance-related litigation from coming to federal court and Congress likely did not intend (or would not wish) to extend this restriction any further. *See Erie Ins. Exchange v. Davenport*, 616 F. Supp. 2d 578 (D. Md. 2009); *Garcia v. Farmers Ins. Exchange*, 121 F. Supp. 2d 667 (N.D. Ill. 2000).

The reasoning of both the majority and the minority is analytically unsatisfying. But at a minimum, there exists reason to doubt the propriety of removal. James River

1 had the burden of dispelling that doubt and has not succeeded.  The case will therefore be
2 remanded.
3     IT IS THEREFORE ORDERED that Plaintiff Farmers Insurance Exchange's
4 "Motion to Remand for Lack of Subject Matter Jurisdiction" (Doc. 6) is GRANTED.
5     IT IS FURTHER ORDERED that the Clerk shall REMAND this case to Maricopa
6 County Superior Court.  The Clerk shall terminate this case.
7     Dated this 21st day of March, 2012.

_____
Neil V. Wake
United States District Judge