1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Farmers Insurance Exchange, a reciprocal        No. CV 12-00283-PHX-NVW
     insurance exchange, as assignee of Cast &
10   Associates a/k/a Flame Connection Cast &         **ORDER**
     Associates d/b/a Flame Connection,

11                         Plaintiff,

12   vs.

13   James River Insurance Company, a foreign
14   insurer,

15                         Defendant.

16          Before the Court is Plaintiff Farmers Insurance Exchange's "Motion to Remand

17   for Lack of Subject Matter Jurisdiction" (Doc. 6).  The removing party bears the burden

18   of establishing federal subject matter jurisdiction, *Emrich v. Touche Ross & Co.*, 846

19   F.2d 1190, 1195 (9th Cir. 1988), and there is a strong presumption against removal

20   jurisdiction, *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  For the reasons

21   stated below, Farmers' motion will be granted.

22          Defendant James River Insurance Company, which is domiciled in Ohio and

23   Virginia, removed to this Court claiming complete diversity because Farmers is allegedly

24   a California corporation with its headquarters in California, and thus treated as a citizen

25   of California for diversity purposes.  Farmers, however, is organized under California law

26   as a "reciprocal insurance exchange," owned by all of its policyholders.  It is not a

27   corporation.  James River's only evidence to the contrary is that Farmers "appears in a

28   *corporation* name search, but it does not appear in the alternative *limited liability*

1    *company/limited partnership* name search available on the California Secretary of State's

2    website." (Doc. 11 at 4 (emphasis in original).) This is insufficient — especially now

3    that Farmers has challenged jurisdiction and placed the burden on James River to

4    establish it. If Farmers was truly incorporated under California law, James River should

5    be able to obtain Farmers' articles of incorporation from public records. As far as the

6    record discloses, it has not attempted to do so. By contrast, Farmers has submitted its

7    organizational document which plainly shows that it has organized itself as a reciprocal

8    insurance exchange. (Doc. 15.)

9         Because Farmers is non-corporate business entity, it is classified as an

10   unincorporated association. An unincorporated association is deemed a citizen of every

11   state where it has members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).

12   According to an affidavit from Farmers' assistant secretary, Farmers has members — by

13   which it means policyholders — in Ohio, Virginia, California, and Arizona. If Farmers'

14   policyholders are indeed its members, it would defeat diversity jurisdiction. Courts have

15   split over this question. The apparent "majority view" accepts the structure of an

16   insurance exchange at face value, concluding that its policyholders are its members. *See*,

17   *e.g.*, *Cady v. Am. Family Ins. Co.*, 771 F. Supp. 2d 1129, 1131 (D. Ariz. 2011); *Farmers*

18   *Ins. Exchange v. MTD Prods,. Inc.*, No. 3:11-CV-2405-L, 2011 WL 5877025, at *4–5

19   (N.D. Tex. Nov. 22, 2011); *Truck Ins. Exchange v. The Manitowoc Co.*, No. CV-10-

20   8191-PCT-PGR, 2010 WL 4961618, at *2 (D. Ariz. Dec. 1, 2010). A minority concludes

21   otherwise, based somewhat on incredulousness that a business could be structured as

22   such, and somewhat on reasoning that 28 U.S.C. § 1332(c)(1) already prevents a fair deal

23   of insurance-related litigation from coming to federal court and Congress likely did not

24   intend (or would not wish) to extend this restriction any further. *See Erie Ins. Exchange*

25   *v. Davenport*, 616 F. Supp. 2d 578 (D. Md. 2009); *Garcia v. Farmers Ins. Exchange*, 121

26   F. Supp. 2d 667 (N.D. Ill. 2000).

27        The reasoning of both the majority and the minority is analytically unsatisfying.

28   But at a minimum, there exists reason to doubt the propriety of removal. James River

- 2 -

1    had the burden of dispelling that doubt and has not succeeded.  The case will therefore be

2    remanded.

3         IT IS THEREFORE ORDERED that Plaintiff Farmers Insurance Exchange's

4    "Motion to Remand for Lack of Subject Matter Jurisdiction" (Doc. 6) is GRANTED.

5         IT IS FURTHER ORDERED that the Clerk shall REMAND this case to Maricopa

6    County Superior Court.  The Clerk shall terminate this case.

7         Dated this 21st day of March, 2012.

8

9

10   _____

                    Neil V. Wake
11           United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28